MANUEL VIADERO, Appellant, *against* WILLIAM STACOM, Respondent, impleaded with Michael Morton.

(Decided December 5th, 1887.)

A person who has consigned goods to an auctioneer for sale by auction cannot maintain an action on the bond given by the auctioneer under sections 113, 1985, and 1986 of the New York Consolidation Act, for the fraud of such auctioneer in converting the proceeds of such goods and absconding. The frauds and fraudulent practices which such bond is designed to secure against, as defined in sections 1992–1994, are those committed upon purchasers at auction sales, and not persons consigning goods for sale by the auctioneer.

APPEAL from a judgment of the General Term of the City Court of New York sustaining a·demurrer to a complaint and reversing an order of the Special Term of that court overruling the demurrer.

The plaintiff entrusted certain goods of the value of $100 to one Joseph Morton, Jr., a duly licensed auctioneer in the City of New York, to sell at public auction. Morton sold a part of the goods and received for the same $69, but never accounted to plaintiff for the same, nor for the goods unsold, but converted them to his own use and absconded to parts unknown.

This action is brought upon the bond given by Morton as auctioneer, with the defendants Stacom and Michael Morton as sureties, to recover $100 damages. The bond is dated and was delivered September 25th, 1883, and is made to the

mayor, aldermen, and commonalty of the City of New York, in the penal sum of $2,000, and recites that Morton has applied to the mayor of the City of New York for a license to engage in and carry on the business and occupation of an auctioneer, and that the mayor has previous to the granting of the same required the filing of this bond pursuant to statute. The condition of the bond is that Morton, his copartners, clerks, agents, and servants, shall well and truly carry on his said business of auctioneer, and in all things obey and conform to all laws of the state of New York and all ordinances and resolutions of the Common Council of the City of New York, now in force or hereafter to be enacted or adopted, relating especially to the business of auctioneer in the City of New York, and shall refrain from all fraudulent, deceitful, and dishonest practices, and especially from those mentioned in the act of the legislature of the state of New York, passed April 9th, 1853, entitled "An act to punish gross frauds and to suppress mock auctions."

The defendant Stacom demurred to the complaint: (1) for non-joinder of Joseph Morton, Jr., his principal, as defendant; (2) that the complaint does not state facts sufficient to constitute a cause of action against said defendant. The demurrer was overruled, the court holding that the plaintiff was injured by acts of the auctioneer secured against by the bond. The General Term reversed the judgment of the Special Term, and held that the bond is penal in its character, given as a protection to the general public against the gross frauds known as mock auctions, which the statute of 1853, referred to in the bond, was enacted to suppress. From this decision plaintiff appealed to this court.

*George F. Langbein,* for appellant.

*H. E. Farnsworth,* for respondent.

J. F. DALY, J. — [After stating the facts as above.] — The bond in question, having been executed on September 25th, 1883, was given under and pursuant to the requirements of

the New York City Consolidation Act of 1882, which took effect March 1st, 1883, that act making special provision for the giving of bonds by licensed auctioneers in the City of New York. The object of the bond, as plainly appears from the several provisions of the act in question, is to furnish indemnity to those persons who are defrauded by the auctioneer in the cases specified in said act.

By section 113 of the Consolidation Act it is provided that the mayor shall have authority to license auctioneers on their filing a bond in $2,000, and that upon the complaint of any person defrauded by the auctioneer or his clerk, agent, or assignee, he is directed to take testimony under oath relating thereto, and if in his opinion the charge be sustained, he shall revoke the license and direct the bonds to be forfeited. More specific and full provision as to the giving of the bond, its approval, and the filing thereof, are made in sections 1985 and 1986; and the frauds or fraudulent practices which the bond is to secure against, and the proceedings for the forfeiture of the bond, are fully set forth in sections 1992, 1993, and 1994.

By section 1992 it is made a misdemeanor for an auctioneer to make any false or fraudulent representation or statement in respect to the character of such sale, or the party authorizing the same, or the quality, condition, ownership, or value of any property put up for sale, or to put up for sale any property as to which any such false or fraudulent statement has been made to his knowledge. By section 1993 it is provided that any person who shall purchase any property at public auction in respect to which any such false or fraudulent representation shall have been made to his knowledge, may sue and recover from the auctioneer conducting such sale, or in whose name it shall have been conducted, a penalty of five hundred dollars in addition to any damages sustained by him by reason of such false or fraudulent statements or representations. By section 1994 it is provided that the mayor, on the complaint of any person having been defrauded by any auctioneer, or the clerk, agent, or assignee of such auctioneer, doing business in the

city and county of New York, is authorized and directed to take testimony under oath relating thereto; and if the same charge shall in his opinion be sustained, then he shall revoke the license granted and commit the parties for trial according to law, and direct the bonds to be forfeited.

These express provisions of law as to when, in what manner, and in what case the bond is to be forfeited, exclude all other cases and limit the object of the bond to those specified. The bond is to be forfeited after examination as to offenses for which the auctioneer may be committed for trial, and those offenses are, of course, such as are declared to be misdemeanors in a preceding section. The bond is undoubtedly to be forfeited for the benefit and indemnity of the persons who make the charge against the auctioneer on which he is examined by the mayor, and who have been defrauded by the false or fraudulent representations which are so declared to be misdemeanors, and to whom the statute gives an action for a penalty of $500 in addition to damages sustained. No other fraud or injustice practised by the auctioneer will give a right of action upon his bond, because the bond is to be forfeited for the fraud specified in the act, and no other.

The plaintiff in this action was not defrauded by any of the practices specified in the statute. He is a contract creditor of the auctioneer as to his demand for the proceeds of that portion of the goods which have been sold, and has a claim for damages for that portion of the goods converted. The frauds enumerated in the statute are those practised upon purchasers at auction sales. Breach of contract with or of duty towards persons consigning goods for sale, on the part of the auctioneer, is not embraced among the causes for which the auctioneer's bond may be forfeited, and for which an action upon it may be, therefore, maintained.

It is argued by appellant that the bond, being also conditioned that the auctioneer " shall well and truly carry on his said business of auctioneer," is intended for the protection and indemnity of all persons against any breach of duty on the part of the principal in the bond, and that as to such

persons there is no necessity for the forfeiture of the bond in proceedings for that purpose before the mayor, but that such breach of duty is a breach of the condition of the bond, and that an action may be maintained thereon without any preliminaries. To this it is sufficient to answer that when the statute prescribes a particular mode of proceeding by which the bond is to be forfeited, that and no other must be followed, and that mode is indispensable. Besides, how can it be reasonably maintained that the legislature intended that persons injured by gross and criminal frauds of the auctioneer should have their remedy postponed until they had instituted and carried to a successful termination a prosecution before the mayor, while others, whose position is in fact that of contract creditors, should have immediate recourse to the bond.

It is this special statutory enactment, providing in what cases the bond may be forfeited, which distinguishes the present case from those cited and relied upon by the appellant.

The judgment should be affirmed.

Van Hoesen, J., concurred in the result.

Judgment affirmed, with costs.